## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KEITH BLAKENEY** | ) | |
| **423 Mellon Street, S.E.,** | ) | |
| **Apt #4** | ) | |
| **Washington D.C. 20020,** | ) | **Civil Action No.:  14-cv-1139** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OFFICER THOMAS O'DONNELL** | ) | |
| **MPD Sixth District Station** | ) | |
| **100 42nd Street, N.E.,** | ) | |
| **Washington D.C. 20019** | ) | |
| | ) | |
| **OFFICER JASON ROMELEIN** | ) | |
| **MPD Seventh District Station** | ) | |
| **2455 Alabama Avenue, S.E.,** | ) | |
| **Washington D.C. 20020** | ) | |
| | ) | |
| **OFFICER BRYAN ADELMEYER** | ) | |
| **MPD Third District Station** | ) | |
| **1620 V Street, N.W.,** | ) | |
| **Washington D.C. 20009** | ) | |
| | ) | |
| **OFFICER KEVIN LALLY** | ) | |
| **MPD Sixth District Station** | ) | |
| **100 42nd Street, N.E.,** | ) | |
| **Washington D.C. 20019** | ) | |
| | ) | |
| **UNNAMED OFFICERS** | ) | |
| **300 Indiana Avenue, N.W.,** | ) | |
| **Washington D.C. 20001** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| **c/o Office of the Attorney General** | ) | |
| **441 4th Street, N.W.,** | ) | |
| **Washington D.C. 20001** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW, Keith Blakeney, Plaintiff, by and through, Brian K. McDaniel, Esq., and McDaniel & Associates, P.A., and brings this action against the Defendants, Officer Thomas O'Donnell, Officer Jason Romelein, Officer Bryan Adelmeyer, and Officer Kevin Lally seeking damages for their misconduct, violation of rights under the Constitution of the United States and the law of the District of Columbia.

## INTRODUCTION

1.   On July 6, 2013, Plaintiff Keith Blakeney was in the area of the 400 block of Mellon Street, S.E. when he was approached and attacked by a group of Metropolitan Police Department (MPD) officers. Mr. Blakeney was thrown to the ground, punched, kicked and stomped over his face and body. MPD officers were unprovoked and acted without any justifiable reason to do so. The officers' actions violated Mr. Blakeney's rights under the First, Fourth and Fifth Amendments to the Constitution of the United States and constitute assault, battery, and intentional infliction of emotional distress under the laws of the District of Columbia. Accordingly, Mr. Blakeney seeks compensatory and punitive damages from the officers and the District, as well as attorneys' fees and costs and other appropriate relief.

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). Mr. Blakeney brings this action under 42 U.S.C. § 1983 to vindicate his rights under the First, Fourth and Fifth Amendments to the United States Constitution. His claims under the common law of the District of Columbia arise from

the same events as his constitutional claim and are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The events giving rise to plaintiff's claims occurred in the District of Columbia.

**PARTIES**

4.   Plaintiff Keith Blakeney is an adult resident of the District of Columbia.

5.   Defendant Officer Thomas O'Donnell is a sworn officer employed by the MPD. At the time of the events at issue in this matter he was acting within the scope of his employment.

6.   Defendant Officer Jason Romelein is a sworn officer employed by the MPD. At the time of the events at issue in this matter he was acting within the scope of his employment.

7.   Defendant Officer Bryan Adelmeyer is a sworn officer employed by the MPD. At the time of the events at issue in this matter he was acting within the scope of his employment.

8.   Defendant Officer Kevin Lally is a sworn officer employed by the MPD. At the time of the events at issue in this matter he was acting within the scope of his employment.

9.   Defendant District of Columbia is a municipal corporation, the local government of Washington D.C., and operates and governs the MPD pursuant to the laws of the District of Columbia. In this case, the District of Columbia acted through it agents, employees and servants, including Defendants Thomas O'Donnell, Jason Romelein, Bryan Adelmeyer and Kevin Lally.

**FACTS**

10. On July 6, 2013, at approximately 5:30 pm, Mr. Blakeney left his mother's home located on Newcomb Street in Southeast Washington D.C. headed to his apartment located at 440 Mellon Street, S.E.

11. MPD Officers were in the area of the 400 block of Mellon Street where they had approximately 4 – 5 individuals in handcuffs seated in front of a residence.

12. There were approximately 9 – 10 MPD officers in the area.

13. Mr. Blakeney took a shortcut through an alleyway that led to Mellon Street where the Defendant Officers and other unnamed Officers were conducting the stop of the 4 – 5 individuals.

14. As Mr. Blakeney exited the alley, he heard a voice say, "There he is. What's up Peaches?" Mr. Blakeney turned around and observed 9 - 10 MPD officers standing in front of the building across the street from his building located at 423 Mellon Street.

15. Mr. Blakeney ignored the MPD officers and continued walking to his apartment.

16. An MPD officer again stated, "You hear us talking to you. What's up, Peaches?" to which Mr. Blakeney replied, "That is not my name" and he continued walking.

17. For a third time, an MPD officer stated, "What's up with you, Peaches?" Mr. Blakeney replied, "Nothing was up with me. Just minding my business. What's up with ya'll? It's a shame that we can't chill in our own neighborhood in peace without ya'll coming through and harassing us."

18. One of the MPD officers, a white male wearing a green shirt and no vest (hereinafter "Officer 1"), replied, "What did you say motherf*****?" Mr. Blakeney repeated, "It's a shame that we can't chill in our own neighborhood in peace without ya'll

coming through and harassing us." Mr. Blakeney then turned away from Officer 1 and continued to walk to his apartment.

19. As Mr. Blakeney was walking to his apartment, he heard footsteps approaching from behind him.

20. Before Mr. Blakeney could turn around, Officer 1 grabbed him by his right arm and turned him around and said, "You're going to jail."

21. Officer 1 threw Mr. Blakeney into the backdoor of a van on the street resulting in his chest violently striking the van.

22. Already having a hold onto Mr. Blakeney's right arm, Officer 1 told Mr. Blakeney to place his hands behind his back and grabbed his left hand shortly thereafter.

23. As he pulled both Mr. Blakeney's hands together, Officer 1 said, "Cmon motherf*****, you're going to jail." At the same time, Mr. Blakeney questioned, "Why am I going to jail?"

24. However, before Mr. Blakeney could get a response to his question, 3-4 additional officers rushed at Mr. Blakeney. Officer 1, along with the additional officers, slammed Mr. Blakeney to the ground in between the van and another parked vehicle.

25. While on the ground, a second white male officer (hereinafter "Officer 2") grabbed Mr. Blakeney's dreadlocks on the right side of his head. Officer 2 pulled his dreadlocks in such a manner that twisted Mr. Blakeney's head around. As Officer 2 held Mr. Blakeney's dreadlocks, a black male officer (hereinafter "Officer 3") repeatedly struck Mr. Blakeney approximately 10-12 times on the left side of his face just below his left eye.

26. As Officer 3 was striking Mr. Blakeney in the face, the other officers were kicking and stomping him over his body, including his head as he lay on the ground.

27. While on the ground, the officers had full control of Mr. Blakeney. Mr. Blakeney did not resist the officers' attempts to place him under arrest. Officer 1 placed Mr. Blakeney in handcuffs. The handcuffs placed on Mr. Blakeney were extremely tight.

28. After the attack, the officers stood Mr. Blakeney on his feet and walked him over to the yard where the officers had the 4 – 5 other individuals in handcuffs.

29. Once in the yard and in front of the handcuffed individuals, the officers twisted Mr. Blakeney's body and again violently slammed him onto the ground on his chest. Officer 2 placed his knee in the square of the back of Mr. Blakeney, grabbed his dreadlocks again, twisted his head back so that he could see the individuals in handcuffs and said, "You see your buddies motherf*****? Your motherf****** ass is going to jail and they're being released."

30. Mr. Blakeney asked, "What was the probable cause to arrest me?" Officer 3 approached on his left side and punched him once in the face and stated, "Spell it motherf******."

31. Mr. Blakeney, directing his question this time to Officer 2 asked, "Why am I being arrested?" Officer 2 responded, "For keeping it real motherf*****."

32. MPD officers transported Mr. Blakeney to Seventh District police station.

33. An officer at the Seventh District police station completed an "Arrestee's Injury/Illness Report" (PD 313). Mr. Blakeney was then taken to United Medical Center, where he was treated for right shoulder pain, mouth pain, torso pain, facial abrasions and numbness. Hospital records show that Mr. Blakeney was given 750mg of Naproxsyn, a

non-steroidal anti-inflammatory which is used to alleviate pain. Mr. Blakeney was also given 10mg of Flexeril which is a muscle relaxant. Mr. Blakeney was discharged at about 10:17 pm on July 6, 2013, and transported to the MPD Central Cell Block.

34. On July 8, 2013, Mr. Blakeney was presented before a judicial officer at D.C. Superior Court and released on his own recognizance.

35. Shortly after the incident, on or about July 8, 2013, Mr. Blakeney filed a written complaint with the Government of the District of Columbia Office of Police Complaints. On or about July 30, 2013, Mr. Blakeney was interviewed by Investigator Katelyn Claffey regarding the written complaint. His complaint is indexed as OPC Complaint No.: 13-0348. The Office of Police Complaints referred the complaint to the United States Attorney's Office for possible prosecution of the officer(s) involved in the incident.

36. On information and belief, there is a custom or practice in the Metropolitan Police Department of subjecting certain arrestees to more than the minimum force than is necessary to accomplish his or her mission despite clear MPD policy prohibiting such a practice. This custom or practice is evidenced by the actions of the named and unnamed officers in this Complaint of throwing, kicking, punching and stomping Mr. Blakeney for no justifiable reason since he had committed no crime.

37. Officers O'Donnell, Romelein, Adelmeyer, Lally and other unnamed officers acted intentionally and/or recklessly and with deliberate disregard to Mr. Blakeney's constitutional and common law rights, and in intentional or reckless disobedience of MPD regulations.

38. At the time of these events, MPD General Order – RAR – 901.07 strictly prohibits officers from using more than the minimum force that is necessary to accomplish his or her mission.

39. No reasonable police officer could have believed that there was a need to kick, punch, throw, stomp, detain and arrest Mr. Blakeney since he had not committed any crime and was not resisting arrest.

40. Police officers have a duty to intercede when they witness a deprivation of rights by other officers in progress. Officers, named and unnamed, knowingly and intentionally failed to intercede to prevent the violation of Mr. Blakeney's rights.

41. Mr. Blakeney suffered physical injury and pain as a result of the Defendants' conduct.

42. Mr. Blakeney suffered extreme and severe emotional distress as a result of Defendants' conduct. Mr. Blakeney continues to suffer emotional distress as a result of the Defendants' conduct.

43. Mr. Blakeney has been subjected to ridicule and disparagement as a result of his having been subjected to the physical assault and attack by Defendant officers in public.

44. Written reports prepared by the Metropolitan Police Department in the regular course of duty, including, but not limited to, the "Arrestee's Injury/Illness Report" (PD 313), and the reports made to the Government of the District of Columbia Office of Police Complaints, provided the District of Columbia with notice sufficient to satisfy the requirements of D.C. Code § 12-309.

### CLAIMS FOR RELIEF

**Claim I: Violation of Constitutional Rights pursuant to 42 U.S.C. § 1983**
**(Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)**

45. Mr. Blakeney hereby reasserts paragraphs 1-44 of this Complaint, as though fully set forth herein.

46. At the time of the events herein described, Mr. Blakeney did not commit any criminal acts.

47. At the time of the events herein described, the Defendant officers did not have probable cause to detain Mr. Blakeney.

48. The Defendant named and unnamed Officers present during the attack on Mr. Blakeney had a duty to protect him from the deprivation of rights he endured as a result of their colleagues.

49. Officers 1 – 3's actions of forcibly throwing, punching, kicking and stomping Mr. Blakeney along with the other named and unnamed MPD officer's acts of failing to protect Mr. Blakeney, directly and proximately, subjected Mr. Blakeney to the deprivation of his rights guaranteed by the United States Constitution and 42 U.S.C. § 1983. The actions violated Mr. Blakeney's (a) Fourth Amendment right to be secure from unreasonable seizures; (b) Fifth Amendment right to due process of the law; and (c) First Amendment right to peaceably assemble.

50. At the time of the events herein, the Defendant officers:

    a.  Wore apparel of the District of Columbia Metropolitan Police Department.

    b.  Used the resources and property of the District of Columbia Metropolitan Police Department.

    c.  Were on active duty as Officers of the District of Columbia Metropolitan Police Department.

> d.  Acted under their authority as Officers of the District of Columbia Metropolitan Police Department.
>
> e.  Acted under the color of law, statute, ordinance, regulation, custom and usage of the District of Columbia

51. The Defendant Officers knew and intended or should have known that their acts would violate Mr. Blakeney's constitutional rights.

52. Mr. Blakeney is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for the injuries he suffered as a result of the violation of his constitutional and civil rights.

53. Mr. Blakeney is further entitled to punitive damages to punish the Defendant Officers for their knowing and intentional misconduct in violating his constitutional rights.

### Claim II: Violation of Constitutional Rights pursuant to 42 U.S.C. § 1983 (Defendant District of Columbia)

54. Plaintiff hereby reasserts paragraphs 1 – 53 of this Complaint as though fully set forth herein.

55. Defendant District of Columbia is liable for Mr. Blakeney's damages under *Monell v. Department of Social Services*, 436 U.S. 658, 701 (1978), due to the MPD's custom and practice of using more than the minimum force than is necessary to accomplish their mission causing unnecessary injury to the public citizens.

### Claim III: Assault (Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)

56. Plaintiff hereby reasserts paragraphs 1 – 55 of this Complaint as though fully set forth herein.

57. Mr. Blakeney was in fear of imminent bodily harm when Officer 1 approached him from behind and grabbed his right arm while the additional officers, including Officers 2 and 3 along with other unnamed officers, grabbed him and threw him onto the ground.

58. The officers intentionally threatened Mr. Blakeney with imminent bodily harm when they aggressively approached him, grabbing him and throwing him to the ground without any justifiable articulable reason to do so.

59. Due notice under all applicable statutes has been given to the Defendants.

60. The actions of the Defendant officers are the direct cause of the injuries described above. Mr. Blakeney is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

61. The intentional and malicious actions of the Defendant Officers and other unnamed Officers are the direct cause for the injuries described above. Mr. Blakeney is entitled to punitive damages and special damages, including pain and suffering and emotional trauma.

### Claim IV: Battery
### (Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)

62. Mr. Blakeney hereby reasserts paragraphs 1 – 61 of the Complaint as though fully set forth herein.

63. Defendant Officers and other unnamed officers engaged in harmful and offensive contact with Mr. Blakeney when they forcibly threw him to the ground, kicking, punching, and stomping him over his defenseless body. The Officers engaged in this abhorrent conduct despite not having any probable cause to believe that Mr. Blakeney was engaged in any illegal activity.

64. The Officers actions caused Mr. Blakeney serious physical and emotional injuries.

65. Due notice under all applicable statutes has been given to the Defendants.

66. The actions of the Officers are the direct cause of the injuries described above. Mr. Blakeney is entitled to special damages which include pain and suffering, future pain and suffering and emotional trauma.

67. The intentional and malicious actions of the Officers are the direct cause for the injuries described above. Mr. Blakeney is entitled to punitive damages and special damages, including pain and suffering, and emotional trauma.

### Claim V: Conspiracy
**(Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officer)**

68. Mr. Blakeney hereby reasserts paragraphs 1 – 67 of this Complaint as though fully set forth herein.

69. Defendant Officers and other unnamed Officers in this Complaint by their actions and through common design on July 6, 2013 unlawfully conspired to assault and batter Mr. Blakeney.

70. As a result of the conspiracy, Mr. Blakeney suffered physical and emotional injury and was deprived of his constitutional and common law rights.

71. Mr. Blakeney is therefore entitled to monetary damages to compensate him for all of his injuries.

### Claim VI: Negligence
**(Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)**

72. Mr. Blakeney hereby reasserts paragraphs 1 – 71 of this Complaint as though fully set forth herein.

73. On July 6, 2013, the Officers in this Complaint during the course and scope of their employment by the District of Columbia negligently caused the assault and battery of Mr. Blakeney.

74. The Defendant Officers and the other unnamed Officers had a continuous duty to exercise due care in the arrest of Mr. Blakeney to ensure that he was not subjected to unnecessary injury.

75. The Defendant Officers and the other unnamed Officers breached their duty of care and negligently caused injury to Mr. Blakeney.

76. As a result of the Officers' actions, Mr. Blakeney continues to suffer from emotional distress and psychological trauma.

77. Mr. Blakeney is therefore entitled to recover money damages to compensate for his pain and suffering and emotional distress which the Officers negligently inflicted on him.

### Claim VII: False Imprisonment
### (Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)

78. Mr. Blakeney hereby reasserts paragraphs 1 – 77 of this Complaint as though fully set forth herein.

79. Defendant Officers did intentionally obstruct and detain Mr. Blakeney, over his continual objection when Officers intercepted him as he walked to his apartment located at 423 Mellon Street.

80. Mr. Blakeney had not committed any criminal acts.

81. Mr. Blakeney reasonably believed that it would be dangerous for him to attempt to flee in the light of the numerous armed officers that approached him, surrounded him, grabbed him, threw him on the ground, punched him, kicked him and stomped him.

13

82. Defendant Officers should therefore be held liable for the false detention of Mr. Blakeney and pay appropriate damages for the violation of his constitutional and common law rights.

**Claim VIII: Respondeat Superior**
**(Defendant District of Columbia)**

83. Mr. Blakeney hereby reasserts paragraphs 1 – 82 of this Complaint as though fully set forth herein.

84. At the times of the events herein, the Officers were acting within the scope of their official duty as District of Columbia Metropolitan Police Department police officers.

85. The District of Columbia should therefore be held liable for the common law claims against the Defendant Officers and pay appropriate damages to Mr. Blakeney.

**Claim IX: Negligent Training and Supervision**
**(Defendant District of Columbia)**

86. Mr. Blakeney hereby reasserts paragraph 1 – 85 of this Complaint as though fully set forth herein.

87. On or before July 6, 2013, the District of Columbia was under a duty to properly train, supervise, investigate and correct improper actions of the MPD Officers.

88. The District of Columbia recklessly and without regard for the rights of others, breached their duty to properly train, supervise, investigate and correct the improper actions of its employee Police Officers.

89. The District of Columbia's disregard for the rights of others, in particular those of Mr. Blakeney, was the direct and proximate cause of the substantial injuries sustained by Mr. Blakeney.

90. As a result of the District of Columbia's failure to act, Mr. Blakeney endured pain and suffering, emotional trauma, extreme humiliation and deprivation of his constitutional and civil rights.

91. Mr. Blakeney is therefore entitled to money damages to compensate for all of his injuries.

**Claim X: Intentional Infliction of Emotional Distress**
**(Defendants O' Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)**

92. Mr. Blakeney hereby reasserts paragraphs 1 – 91 of this Complaint as though fully set forth herein.

93. Defendant named and unnamed Officers assaulted and battered Mr. Blakeney intentionally and acted with intentional and/or reckless disregard of his rights.

94. As a result of the Defendant Officers' intentional and/or reckless acts, Mr. Blakeney suffered and continues to suffer severe emotional distress.

95. Mr. Blakeney is therefore entitled to monetary damages to compensate him for his emotional injury.

96. Mr. Blakeney is further entitled to an award of punitive damages to punish the Officers for their willful and malicious and/or reckless misconduct toward him.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Blakeney requests that this Court:

(a) RULE that the actions of Officers O' Donnell, Romelein, Adelmeyer Lally and other unnamed officers violated the rights under the First, Fourth, and Fifth Amendments to the United States Constitution and the laws of the District of Columbia;

(b) ENTER JUDGMENT awarding him compensatory damages against all defendants in an amount of 2,500,000.00;

(c) ENTER JUDGMENT awarding him punitive damages against defendants O'
Donnell, Romelein, Adelmeyer and Lally in an amount of 2,500,000.00;

(d) ENTER JUDGMENT awarding him his costs and reasonable attorneys' fees in
this action as provided in 42 U.S.C. § 1983; and

(e) GRANT him such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Mr. Blakeney requests a trial by jury.

DATED: July 3, 2014

Respectfully submitted,

MCDANIEL & ASSOCIATES, P.A.


_____/s/ Brian K. McDaniel_____
Brian K. McDaniel
1025 First Street, S.E., Suite 1413
Washington D.C. 20003
Tel: 202-331-0793
Fax: 202-331-7004