THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH BLAKENEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER THOMAS O'DONNELL, *et al.*, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 14-cv-1139 (RMC) |

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO
### COUNTS III, IV, VIII, AND X OF PLAINTIFF'S COMPLAINT

Defendant District of Columbia ("the District"), by and through undersigned counsel, answers Counts III, IV, VIII, and X of Plaintiff's Complaint in the above-captioned matter as follows:[1]

#### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

Defendant states the following in response to the individually numbered Paragraphs in the Complaint:

#### INTRODUCTION

1.  The District admits that Plaintiff Keith Blakeney was in the area of the 400 block of Mellon Street, S.E., on July 6, 2013. The District remaining allegations are the legal conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the remaining allegations in this paragraph.

---

[1] The District has moved to dismiss the remaining counts brought against it in Plaintiff's Complaint.

1

## JURISDICTION AND VENUE

2. The allegations set forth in Paragraphs 2 are legal conclusions of the pleader to which no response is required.

3. The allegations set forth in Paragraphs 3 are legal conclusions of the pleader to which no response is required.

## PARTIES

4. The District lacks sufficient information to admit or deny the allegations in this paragraph.

5.-8. Admitted that these officers were sworn officers of MPD at the time of the events at issue in this Complaint. The remaining allegations are legal conclusions of the pleader to which no response is required.

9. The District admits that it is a municipality. The remaining allegations are legal conclusions of the pleader to which no response is required.

## FACTS

10. The District lacks sufficient information to admit or deny the allegations in paragraph 10 of the Complaint.

11.-12. The District admits that, MPD officers were in the area of the 400 block of Mellon Street. The District lacks sufficient information to admit or deny the remaining allegations in paragraph 11 and 12 of the Complaint.

13-31. The District lacks sufficient information to admit or deny the allegations in this paragraph. To the extent a response is required, denied.

32. Admitted.

33. Admitted that an Arrestee's Injury/Illness Report was completed. The District lacks sufficient information to admit or deny the remaining allegations in paragraph 33.

34. Admitted.

35. The District lacks sufficient information to admit or deny the allegations in this paragraph.

36.-37. The allegations in paragraphs 36 and 37 are legal conclusions to which no response is required. To the extent a response is required, denied.

38. The General Order speaks for itself.

39-40. The allegations in paragraphs 39 through 40 are legal conclusions to which no response is required.

41-43. The District lacks sufficient information to admit or deny these allegations. To the extent a response is required, denied.

44. Denied. Further answering, see District of Columbia's Motion for Summary Judgment.

## CLAIMS FOR RELEIF

### Claim I: Violation of Constitutional Rights pursuant to 42 U.S.C. § 1983
### (Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)

45-53. The allegations in paragraphs 45 through 53 do not pertain to the District and therefore no responses are required from this Defendant.

### Claim II: Violation of Constitutional Rights pursuant to 42 U.S.C. § 1983
### (Defendant District of Columbia)

54.-55. The allegations in these paragraphs are the subject of the District's Motion to Dismiss. Therefore, no further responses to these allegations are required.

### Claim III: Assault
### (Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)

56. The District adopts its responses to Paragraphs 1 through 55 as if fully set forth herein.

57-58. The allegations in paragraphs 57 and 58 are the factual conclusions of the pleader and therefore do not require a response. To the extent a response is required, denied.

59-61. The allegations in paragraphs 59 through 61 are legal conclusions of the pleader to which no response is required. To the extent a response is required, denied.

### Count IV: Battery
### (Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)

62. The District adopts its responses to paragraphs 1 through 61 as if fully set forth herein.

63.-67. The allegations set forth in paragraphs 63 through 67 are legal conclusions of the pleader to which no response is required. To the extent a response is required, denied.

### Count V: Conspiracy
### (Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)

68.-71. The allegations in paragraphs 68 through 71 are the subject of the District's motion to dismiss and/or motion for summary judgment and therefore do not require any further response.

### Count VI: Negligence
### (Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)

72.-77. The allegations in paragraphs 72 through 77 are the subject of the District's motion to dismiss and/or motion for summary judgment and therefore do not require any further response.

### Count VII: False Imprisonment
### (Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)

78.     The District adopts its responses to paragraphs 1 through 77 as if fully set forth herein.

79-82.  The allegations set forth in paragraphs 79 through 82 are legal conclusions of the pleader to which no response is required. To the extent a response is required, denied.

### Count VIII: Respondeat Superior

83.     The District adopts its responses to paragraphs 1 through 82 if fully set forth herein.

84-85.  The allegations in paragraph 84 and 85 are legal conclusions of the pleader to which no response is required.

### Count IX: Negligent Training and Supervision
### (Defendant District of Columbia)

86.-91. The allegations in paragraphs 86 through 91 are the subject of the District's motion to dismiss and/or motion for summary judgment and therefore do not require any further response.

### Count X: Intentional Infliction of Emotional Distress

92.     The District adopts its responses to Paragraphs 1 through 91 if fully set forth herein.

93-96.  These allegations are legal conclusions of the pleader to which no response is required.  Further answering, Plaintiff is not entitled to punitive damages against this Defendant as requested in paragraph 96.

**FURTHER ANSWERING**, the District denies all allegations not specifically admitted or otherwise answered.

### THIRD DEFENSE

The District denies all allegations of wrongdoing, including but not limited to violations of the U.S. Constitution, common law, statutory and operational standards.

### FOURTH DEFENSE

Plaintiff's claims may be barred by the doctrines of issue preclusion and/or claim preclusion, or not yet have accrued.

### FIFTH DEFENSE

If Plaintiff was injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring misconduct other than the District, its agents, employees, or servants acting within the scope of employment.

### SIXTH DEFENSE

All or some of Plaintiff's claims may be barred by the statute of limitations, laches, estoppel, or waiver.

### SEVENTH DEFENSE

Acts of omissions of the District, the District's employees, agents, or servants acting within the course and scope of their employment, may have been discretionary and/or cannot create liability against Defendant.

### EIGHTH DEFENSE

Plaintiff may have been contributorily negligent or otherwise assumed the risk of his injuries.

### NINTH DEFENSE

Plaintiff is not entitled to punitive damages.

### TENTH DEFENSE

If Plaintiff was injured and/or damages as alleged, said injuries and/or damages were not caused by a breach of duty owed Plaintiff by the District.

### ELEVENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

### TWELFTH DEFENSE

All actions performed by the District, its employees, servants or agents met or exceeded the applicable standard of care.

### THIRTEENTH DEFENSE

The District's actions were not the proximate cause of Plaintiff's alleged injuries.

### FOURTEENTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Complaint, then such injuries and/or damages were caused by superseding causes not within the District's control.

### FIFTEENTH DEFENSE

Plaintiff has failed to state a claim for attorney's fees.

### SIXTEENTH DEFENSE

If Plaintiff was arrested for any offense, it was based on probable cause.

### SEVENTEENTH DEFENSE

Plaintiff received all the process he was due.

### EIGHTEENTH DEFENSE

Plaintiffs failed to fully comply with the mandatory notice requirements of D.C. Official Code § 12-309 to support respondeat superior liability against the District.

## NINETEENTH DEFENSE

The public duty doctrine may bar this claim.

## TWENTIETH DEFENSE

The District asserts sovereign immunity, governmental immunity, privilege, discretionary function, and absence of bad faith.

## TWENTY-FIRST DEFENSE

The District cannot be held liable for the criminal conduct of others unless the acts are foreseeable, and the District did not know or otherwise foresee that Plaintiff would be injured.

## TWENTY-SECOND DEFENSE

Plaintiff's intentional infliction emotional distress claim against the District fails for lack of proof.

## TWENTY-THIRD DEFENSE

Plaintiff's municipal liability claim fails as a matter of law as it was not properly pled nor did he suffer any injuries that stem from a District custom, practice or policy or by a final policymaker.

## SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

## JURY DEMAND

The District demands a trial by jury with the maximum numbers permitted by law.

Respectfully Submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, General Litigation Sec. IV

/s/ Stephanie E. Litos
STEPHANIE E. LITOS
D.C. Bar No. 483164
BRANT W. MARTIN
D.C. Bar No. 1010510
Assistant Attorneys General
441 Fourth Street, NW, Suite 630 South
Washington, DC 20001
(202) 724-6648; (202) 442-9840; (202) 727-6295
(202) 741-0573; (202) 715-7820 (facsimile)
stephanie.litos@dc.gov; brant.martin@dc.gov