**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KEITH BLAKENEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 14-cv-1139 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER THOMAS O'DONNELL, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S PARTIAL MOTION TO DISMISS

COMES NOW, Plaintiff Keith Blakeney, by and through undersigned ccounsel, Brian K. McDaniel, Esq., and McDaniel & Associates, P.A., pursuant to LCvR 7(b) and respectfully moves this Court for an Order denying the Defendant District of Columbia's Partial Motion to Dismiss. In support of this Opposition, the Plaintiff submits the attached Memorandum of Points and Authorities.

Respectfully submitted,

_____/s/ Brian K. McDaniel_____
Brian K. McDaniel, Esq.
McDaniel & Associates, P.A.
1200 G Street, N.W., Suite 819
Washington D.C. 20005
Tel: 202-331-0793
Fax: 202-331-7004

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEITH BLAKENEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 14-cv-1139 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER THOMAS O'DONNELL, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING THE PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

COMES NOW, Plaintiff Keith Blakeney, by and through undersigned counsel and submits the following memorandum of points and authorities in support of its opposition motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 6, 2013 at approximately 5:30 pm the Plaintiff was on his way to his apartment located at 440 Mellon Street, S.E., Washington D.C. (Compl. ¶ 10.). While walking to his apartment, he was approached and attacked by multiple District of Columbia Metropolitan police officers. (*Id.* ¶¶ 19-29). During that attack, the Plaintiff was thrown against a van, kicked and stomped over his body by numerous police officers and had his hair pulled, among other things. (*Id.* ¶¶ 20-26). Other police officers present during the attack on the Plaintiff failed to intercede and stop the attack on the Plaintiff. (*Id.* ¶ 40). As a result of the attack, the Plaintiff suffered injuries and had to be transported to United Medical Center in Washington D.C. (*Id.* ¶ 33).

On July 3, 2014, the Plaintiff Keith Blakeney filed his Complaint [ECF No. 1] against the Defendants alleging both constitutional and common law claims. Defendant District of Columbia filed a partial Motion to Dismiss on October 2, 2014 [ECF No. 4]. Plaintiff now files the instant opposition to the Defendant's Motion to Dismiss.

## II.    LEGAL STANDARD

A rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir.2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civil Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir.2003) (citing Fed. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 4, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley,* 355 U.S. at47-48, 78 S.Ct. 99 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511-14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely,* 211 F.3d 134, 136 (D.C. Cir.2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007) (abrogating the oft-quoted language from *Conley,* 355 U.S. at 45-56, 78 S.Ct. 109, instructing courts not to dismiss for failure to state a claim unless it appears beyond a doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal,* 129 S.Ct. at 1949.

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States,* 334 F.3d 61, 64, 67 (D.C. Cir.2003); *Holy Land Found. For Relief & Dev. V. Ashcroft,* 333 F.3d 156, 165 (D.C. Cir.2003); *Browning,* 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions as factual allegations. *Warren v. District of Columbia,* 353 F.3d 36, 40 (D.C. Cir.2004); *Browning,* 292 F.3d at 242.

## III.   ARGUMENT

### A.   The Plaintiff pled sufficient facts to sustain a claim pursuant to 42 U.S.C. § 1983 against the County for violations of their federal constitutional rights.

To establish municipal liability, a plaintiff must satisfy two prongs. First, the plaintiff must allege a predicate constitutional violation. *Kopf v. Skyrm*, 993 F.2d 374, 381 (4th Cir.1993); *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 694 (1978). Second, the plaintiff must establish whether a policy or custom caused the constitutional violation. *Kopf*, at 381; *Monell,* at 659.

"Although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the

Constitution, local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell,* at 690-691. Without having been directly authorized, tacitly encouraged, or even inadequately trained, police officers may fall into patterns of unconstitutional conduct. If these unconstitutional practices become sufficiently widespread, they may assume the quality of "custom or usage" which has the force of law for purposes of invoking the remedies provided by § 1983.

Plaintiff clearly sets forth the constitutional violations in this case. The constitutional violation in this instance is the result of a "custom" as discussed in *Monell.* To some courts, a widespread pattern amounting to a "custom" is analogous to an implicit policy[1]. The most common way in which a plaintiff can prove the existence of an unconstitutional municipal policy or custom is through evidence of the occurrence of incidents similar to that which is the subject of the complaint. Such is the case here, and allowed time for discovery this custom will be easily established.

The number of officers involved in this episode of improper conduct is another indicator of the existence of an unconstitutional policy or custom. "There is precedent for the proposition that where other evidence of the [unconstitutional] policy has been presented, and the single incident in question involves the concerted action of a large contingent of municipal employees, the event itself provides some proof of the existence

---

[1] *See Randall v. Prince George's County, Md.,* 302 F.3d 188 (C.A.4 (Md.), 2002), "If a police force develops an unconstitutional "custom or usage," i.e., a widespread practice of a particular unconstitutional method, such custom or usage may be the basis for municipal liability… " *See also, Common v. Philadelphia,* 86 F. Supp. 2d 460 (E.D. Pa. 2000), "'Municipal custom,' as required for municipal liability claim under § 1983, is defined as such practices of state officials so permanent and well settled as to virtually constitute law…"

of the underlying policy or custom." *Kivanc v. Ramsey,* 407 F. Supp.2d 270, 279 (D.D.C. 2006); *citing Bordanaro v. McLeod,* 871 F.2d 1151, 1156-57 (1st Cir. 1989)).

During the occurrence of the constitutional violations set forth in Plaintiff's Complaint, there were a number of District of Columbia Metropolitan police officers present during the attack of the Plaintiff who also watched and engaged in the attack as well. (Compl. ¶¶ 20 – 31). The joint actions of the police officers in committing these unconstitutional acts indicates that the officers shared assumptions about the kind of conduct that was acceptable within their department, even though there were MPD Orders to the contrary. Where such conduct is well-coordinated and there is no discussion or disagreement regarding its propriety, it also tends to show that the practices are long-standing or have at least been engaged in previously by officers within the department, which is relevant to the existence of both policy and custom. Such conduct also shows the lack of proper training for officers who must know how to interact with civilians using lethal force.

The Defendant argues the fact that a single incident of proof would be insufficient to support a claim under *Monell*. (Defs.' Mot. 6); *see also City of Oklahoma City v. Tuttle,* 471 U.S. 808, 818 (1985). However, the Defendant's position is not absolute. "[A] plaintiff need not plead multiple instances of misconduct, for such a requirement would impose upon section 1983 plaintiffs[] a pleading requirement more demanding than that required for other claims." *Atchinson v. District of Columbia,* 73 F.3d 418, 423 (D.C. Cir.1996). "A complaint describing a single instance of official misconduct and alleging a failure to train may put a municipality on notice of the nature of and basis of a plaintiff's claim. Alleging an additional instance of misconduct would not necessarily improve the

notice. Such a requirement would simply shift to the pleadings a burden that [was] reserve[d] for a later stage of litigation." *Id.* Plaintiff has sufficiently pled the necessary facts to support its claim by alleging the misconduct of the MPD officers viciously attacking the Plaintiff without reason or justification while other officers watched with assisting the Plaintiff or stopping the attacking officers.

Given the foregoing, Plaintiff requests that the Court deny the Defendant's request to dismiss.

### B. Plaintiff states a cognizable Fifth Amendment Claims.

Defendant argues that any Fifth Amendment argument possibly made by the Plaintiff should be dismissed because the use of excessive force in the course of an investigatory arrest is properly analyzed under the Fourth Amendment only. (Def's Mot. 8). The flaw in the Defendant's argument, however, is its assumption that the entirety of Plaintiff's claims can be characterized as claims that law enforcement officers have used excessive force.

Claim I makes explicit reference to the Fifth Amendment's protection from "deprivation of rights", all of which were implicated by the Defendant's deliberate indifference to the attack on the Plaintiff by their other MPD colleagues. (Compl. ¶ 40, 48-49). The Supreme Court has stated that the Fifth Amendment " in certain limited circumstances[,] [] imposes upon the State affirmative duties of care and protection with respect to particular individuals." *Butera v. District of Columbia,* 235 F.3d 637, 647-648 (D.C. Cir.2001) (*citing also*, *Youngberg v. Romero,* 457 U.S. 307, 317, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). "One such circumstance, [] arises when the State takes a person into its custody and holds him there against his will." *Id*.

Accordingly, Claim I of the Plaintiff's Complaint, in addition to alleging excessive use of force also alleges violations of the Plaintiff's Fifth Amendment rights based on the officers' failure to intervene and protect the Plaintiff from the attack of other MPD officers while he was in their custody. (Compl. ¶ 40, 48-49). These allegations implicate the Fifth Amendment and were appropriately pled by the Plaintiff in his Complaint.

Given the aforementioned, the Defendant's argument that the Plaintiff did not invoke a Fifth Amendment claim, or in the alternative, if it was invoked, it is without merit, must be denied.

## C. **Plaintiff seeks leave to amend Claim V as such relief is appropriate and would not prejudice Defendant.**

The Plaintiff has made a technical error with respect to his pleading of the allegations set forth in Claim V of the Complaint. Fed. R. Civ. P. 15(a) permits a party, as a matter of course, to amend its complaint "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)."[2] Moreover, even if this 21 day period has passed, courts have the discretion to "freely [grant] leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The courts in this circuit have a "general judicial preference for resolving [matters] on their merits rather than dismissing them on technicalities." *Niedermeier v. Office of Max S. Baucus,* 153 F. Supp. 2d 23, 27 (D.D.C. 2001). In this

---

[2] Plaintiff has filed his Amended Complaint with this Court on October 23, 2014 which is within the contemplated 21 day period where Fed. R. Civ. 15(a) allows a party to file an amendment as a matter of course. However, the Plaintiff also requests leave to amend the Complaint in his Opposition to Defendant's Motion to Dismiss should the Court determine that he is not entitled to the Amendment as a matter of course.

case, to refuse the request for leave to amend would decide the conspiracy claim on the basis of a technical failure.

In considering whether the grant a request for leave to amend, the court should consider (1) the failure of the moving party to cure the deficiencies with previously allowed opportunities to amend; (2) the prejudice against the opposing party; and (3) the futility of the amendment. *Atchinson v. District of Columbia,* 73 F.3d 418, 425 (D.C. Cir.1996). Here, this is the first request on the part of the Plaintiff seeking leave to amend this Complaint. The first responsive pleading was filed on October 2, 2014. Should the Court grant this request for leave to amend, the Defendant would not face any undue prejudice as there has been no scheduling order issued in this case, nor has there been any exchange of discovery and the amendment sought by the Plaintiff would cure any defect in its claim.

**D. Plaintiff has appropriately pled a claim for Negligence.**

Defendant seeks to dismiss Plaintiff's negligence claim, arguing that it is predicated on the same premise as Plaintiff's claims for assault and battery. (Defs.' Mot. 10). But the authority Defendant cites in support of their argument does not support the dismissal of Plaintiff's negligence claim; in fact, Defendant argument wholly ignores the allegations contained therein.

Defendant cites *Dist. Of Columbia v. Chinn,* 839 A.2d 701 (D.C. 2003) for the proposition that "a plaintiff cannot claim that an intentional act also was negligent." (Defs.' Mot. 12). But, as a threshold matter, neither *Chinn* nor any other case cited by Defendant stands for the proposition that assault, battery and negligence cannot be pleaded and maintained simultaneously in separate counts. *See Dist. Of Columbia v.*

*Tinker*, 691 A.2d 57, 63 (D.C. 1997) (not addressing pleading battery and negligence as alternative theories of liability, but rejecting the argument that a battery claim can inherently contain a negligence claim); *Maddox v. Bano,* 422 A.2d 763, 764-65 (D.C. 1980) (not addressing pleading battery and negligence as alternatives, but upholding summary judgment against plaintiff who alleged negligence but failed to allege any negligent act or breach of duty).

If anything these cases cited in the Defendant's motion stand for the propriety of alleging battery and negligence as clear alternatives, in separate counts, and each supported by alleged facts. Indeed, *Chinn* and its brethren apply to the determination of what can be submitted to the jury, not what can be alleged at the pleading phase. "The negligence claim… ***should not have gone to the jury***, as no separate and distinct cause or theory of negligence was presented before the court." *Chinn*, 839 A.2d at 711 (emphasis added).

To the extent Defendant's Motion did not make clear that *Chinn* dealt only with what could be submitted to the jury, the *Chinn* court did. *See Chinn*, 839 A.2d at 707, 711 (holding "that both negligence and battery claims, ***in order to go to the jury***, must be supported by the necessary evidence," and that "if, in a case involving the intentional use of force by police officers, a negligence count is to be ***submitted to a jury***, that negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care.") (emphasis added).

Nevertheless, Plaintiff, in his Complaint, has included (1) sufficient facts to create a factual scenario presenting an aspect of negligence apart from the use of excessive force

itself, and (2) a distinct standard of care, apart from the duty not to use excessive force. More specifically, Plaintiff alleged that officers failed to intercede and prevent other officers from attacking him. (Compl. ¶ 40, 49); *see also Martin v. Malhoyt*, 830 F.2d 237, 259 (D.C. Cir. 1987.). Clearly, officers breached a standard of care owed to the Plaintiff to prevent his deprivation of rights by stopping the other officers from attacking him which resulted in injury.

Given the aforementioned, it is clear that the Defendant's request to dismiss the Plaintiff's claim for negligence is devoid of any merit and therefore must be denied.

### E. **Plaintiff has sufficiently pled a claim for Negligent Training and Supervision.**

Plaintiff has sufficiently pled the necessary facts to sustain its' claim for negligent training and supervision. To sustain a claim for negligent training and supervision, "a party [must][] show that an employer knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee." *Giles v. Shell Oil Corp.,* 487 A.2d 610, 613 (D.C. 1985). Additionally, the party must also prove that the negligent acts on the part of the defendant were in fact a substantial factor in the resulting harm. *Tarpeh-Doe v. United States,* 28 F.3d 120, 124. (D.C. Cir.1994). The D.C. Circuit has held that "it is possible for a Section 1983 plaintiff to satisfy Rule 8 by alleging both a failure to train and an unusually serious instance of misconduct that, on its face, raises doubts about a municipality's training policies." *Atchinson v. District of Columbia,* 73 F.3d 418, 421 (D.C. Cir.1996).

Here, the Plaintiff was the subject of an unprovoked attack by a group of District of Columbia Metropolitan police officers. (Compl. ¶¶ 20-26). These actions were done in

violation of MPD General Order – RAR – 901.07 which strictly prohibits officers from using more than the minimum force that is required to accomplish their mission. (Compl. ¶ 38). Clearly, the fact that it was not just a single officer but a group of officers that engaged in this violative conduct suggests a failure to appropriately train their officers, or at a minimum, supervise them appropriately. In addition to the officers that attacked the Plaintiff, the actions of the other officers that stood by and did nothing to prevent the violative attack also substantiates the claims set forth in the Plaintiff's Complaint that the District of Columbia negligently trained and/or supervised their officers.

Given the aforementioned, the Plaintiff has successfully plead sufficient facts to sustain his allegations set forth in Claim IX of his Complaint.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny the Defendant District of Columbia's Partial Motion to Dismiss.

Date: October 23, 2014

Respectfully submitted,

_____/s/ Brian K. McDaniel_____
Brian K. McDaniel, Esq.
McDaniel & Associates, P.A.,
1200 G Street, N.W., Suite 819
Washington D.C. 20005
Tel: 202-331-0793
Fax: 202-331-7004

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that a copy of the foregoing Consent Motion was delivered to all parties involved in this matter via Electronic Case File (ECF) on this 23rd day of October 2014.

_____/s/ Brian K. McDaniel_____
Brian K. McDaniel