## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEITH BLAKENEY,        )
                     )
     Plaintiff,       )
                     )     Civil Action No. 14-cv-1139 (RMC)
     v.           )
                     )
OFFICER THOMAS O'DONNELL, *et al.,* )
                     )
     Defendants.     )
_____)

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO
### COUNTS III, IV, VII, AND X OF PLAINTIFF'S AMENDED COMPLAINT

Defendant District of Columbia (the District), by and through undersigned counsel, answers Counts III, IV, VII, and X of Plaintiff's Amended Complaint in the above-captioned matter as follows:[1]

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The District states the following in response to the individually numbered Paragraphs in the Amended Complaint:

## INTRODUCTION

1.     The District admits that Plaintiff Keith Blakeney was in the area of the 400 block of Mellon Street, S.E., on July 6, 2013.  The remaining allegations are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, the District denies the remaining allegations in this paragraph.

_____

[1] The District has moved to dismiss the remaining counts brought against it in Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

2.      The allegations set forth in Paragraphs 2 are legal conclusions of the pleader to which no response is required.

3.      The allegations set forth in Paragraphs 3 are legal conclusions of the pleader to which no response is required.

## PARTIES

4.      The District lacks sufficient information to admit or deny the allegations in this paragraph.

5.-8.      Admitted that the officers identified in these paragraphs were sworn officers of MPD at the time of the events at issue in this Amended Complaint.  The remaining allegations are legal conclusions of the pleader to which no response is required.

9.      The District admits that it is a municipality.   The remaining allegations are legal conclusions of the pleader to which no response is required.

## FACTS

10.      The District lacks sufficient information to admit or deny the allegations in paragraph 10 of the Amended Complaint.

11.-12. The District admits that the MPD officers identified in paragraphs 5-8 were in the area of the 400 block of Mellon Street.  The District lacks sufficient information to admit or deny the remaining allegations in paragraph 11 and 12 of the Amended Complaint.

13-31.  The District lacks sufficient information to admit or deny the allegations in this paragraph.  To the extent a response is required, denied.

32.      Admitted.

33.     Admitted that an Arrestee's Injury/Illness Report was completed.  The District lacks sufficient information to admit or deny the remaining allegations in paragraph 33.

34.     The allegations in paragraph 34 are legal conclusions of the pleader to which no response is required.  To the extent a response is required, denied.

35.     The District admits that Plaintiff was presented before a judicial officer in the Superior Court for the District of Columbia for a hearing on or about July 8, 2013, and that he was released on his own personal recognizance.  The District lacks sufficient information to admit or deny the remaining allegations.

36.     The allegations in paragraph 36 are the factual and/or legal conclusions of the pleader to which no response is required.  To the extent a response is required, the District denies this allegation.

37.     The District admits that the case against Plaintiff was dismissed on February 4, 2014.

38.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

39-40.  The allegations in paragraphs 39 through 40 are legal conclusions to which no response is required.  To the extent a response is required, denied.

41-42.  The General Orders, Special Order, and Spectrum of Force and Use of Force Continuum speak for themselves and are the legal conclusions of the pleader to which no response is required.

43-48.  The allegations in paragraphs 43 through 48 are legal conclusions to which no response is required.

**CLAIMS FOR RELEIF**

**Claim I:  Violation of Constitutional Rights pursuant to 42 U.S.C. § 1983
First, Fourth and Fifth Amendment to the U.S. Constitution
(Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)**

49-57.   The allegations in paragraphs 49 through 56 do not pertain to the District and

therefore no responses are required from this Defendant.

**Claim II: Violation of Constitutional Rights pursuant to 42 U.S.C. § 1983
First, Fourth and Fifth Amendment to the U.S. Constitution
(Defendant District of Columbia)**

58.-59.   The allegations in these paragraphs are the subject of the District's Motion to

Dismiss.  Therefore, no further responses to these allegations are required.

**Claim III: Assault
(Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)**

60.     The District adopts its responses to Paragraphs 1 through 59 as if fully set forth

herein.

61-65.  The allegations in paragraphs 61 through 65 are the legal conclusions of the

pleader and therefore do not require a response.

**Claim IV: Battery
(Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)**

66.     The District adopts its responses to paragraphs 1 through 65 as if fully set forth

herein.

67.-71. The allegations set forth in paragraphs 67 through 71 are legal conclusions of the

pleader to which no response is required.

**Claim V: Conspiracy**
**(Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)**

72.-77. The allegations in paragraphs 72 through 76 are the subject of the District's motion to dismiss and/or motion for summary judgment and therefore do not require any further response.

**Claim VI: Negligence**
**(Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)**

78.-87. The allegations in paragraphs 78 through 86 are the subject of the District's motion to dismiss and/or motion for summary judgment and therefore do not require any further response.

**Claim VII: False Imprisonment and False Arrest**
**(Defendants O'Donnell, Romelein, Adelmeyer, Lally and Unnamed Officers)**

88.    The District adopts its responses to paragraphs 1 through 87 as if fully set forth herein.

89-98.  The allegations set forth in paragraphs 89 through 98 are legal conclusions of the pleader to which no response is required.

**Claim VIII: Malicious Prosecution**

99.-104. The allegations in paragraphs 99 through 104 are the subject of the District's motion to dismiss and/or motion for summary judgment and therefore do not require any further response.

**Claim VIII: Respondeat Superior[2]**

105.    The District adopts its responses to paragraphs 1 through 104 if fully set forth herein.

_____

[2] Plaintiff has labeled both his Malicious Prosecution and Respondeal Superior counts as "Claim VIII."

106-107.  The allegations in paragraphs 106 and 107 are legal conclusions of the pleader to which no response is required.

## Claim IX: Negligent Training and Supervision
### (Defendant District of Columbia)

108-113.  The allegations in paragraphs 108 through 113 are the subject of the District's motion to dismiss and/or motion for summary judgment and therefore do not require any further response.

## Claim X: Intentional Infliction of Emotional Distress

114.     The District adopts its responses to Paragraphs 1 through 113 if fully set forth herein.

115-118.  The allegations in paragraphs 115-118 are legal conclusions of the pleader to which no response is required.

**FURTHER ANSWERING**, the District denies all allegations not specifically admitted or otherwise answered.

## THIRD DEFENSE

The District denies all allegations of wrongdoing, including but not limited to violations of the U.S. Constitution, common law, statutory and operational standards.

## FOURTH DEFENSE

Plaintiff's claims may be barred by the doctrines of issue preclusion and/or claim preclusion, or not yet have accrued.

## FIFTH DEFENSE

If Plaintiff was injured or otherwise damaged as alleged in the Amended Complaint, such injuries and/or damages were the result of the Plaintiff's sole, joint, or concurring misconduct other than the District, its agents, employees, or servants acting within the scope of employment.

## SIXTH DEFENSE

All or some of Plaintiff's claims may be barred by the statute of limitations, laches, estoppel, or waiver.

## SEVENTH DEFENSE

Acts of omissions of the District, the District's employees, agents, or servants acting within the course and scope of their employment, may have been discretionary and/or cannot create liability against Defendant.

## EIGHTH DEFENSE

Plaintiff may have been contributorily negligent or otherwise assumed the risk of his injuries.

## NINTH DEFENSE

Plaintiff is not entitled to punitive damages.

## TENTH DEFENSE

If Plaintiff was injured and/or damages as alleged, said injuries and/or damages were not caused by a breach of duty owed Plaintiff by the District.

## ELEVENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

<u>TWELFTH DEFENSE</u>

All actions performed by the District, its employees, servants or agents met or exceeded the applicable standard of care.

<u>THIRTEENTH DEFENSE</u>

The District's actions were not the proximate cause of Plaintiff's alleged injuries.

<u>FOURTEENTH DEFENSE</u>

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, then such injuries and/or damages were caused by superseding causes not within the District's control.

<u>FIFTEENTH DEFENSE</u>

Plaintiff has failed to state a claim for attorney's fees.

<u>SIXTEENTH DEFENSE</u>

If Plaintiff was arrested for any offense, it was based on probable cause.

<u>SEVENTEENTH DEFENSE</u>

Plaintiff received all the process he was due.

<u>EIGHTEENTH DEFENSE</u>

Plaintiffs failed to fully comply with the mandatory notice requirements of D.C. Official Code § 12-309 to support respondeat superior liability against the District.

<u>NINETEENTH DEFENSE</u>

The public duty doctrine may bar this claim.

<u>TWENTIETH DEFENSE</u>

The District asserts sovereign immunity, governmental immunity, privilege, discretionary function, and absence of bad faith.

## TWENTY-FIRST DEFENSE

The District cannot be held liable for the criminal conduct of others unless the acts are foreseeable, and the District did not know or otherwise foresee that Plaintiff would be injured.

## TWENTY-SECOND DEFENSE

Plaintiff's intentional infliction emotional distress claim against the District fails for lack of proof.

## TWENTY-THIRD DEFENSE

Plaintiff's municipal liability claim fails as a matter of law as it was not properly pled nor did he suffer any injuries that stem from a District custom, practice or policy or by a final policymaker.

## SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care.

## JURY DEMAND

The District demands a trial by jury with the maximum numbers permitted by law.

Respectfully Submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, General Litigation Sec. IV

/s/ Stephanie E. Litos
STEPHANIE E. LITOS
D.C. Bar No. 483164
Assistant Attorney General
441 Fourth Street, NW, Suite 630 South
Washington, DC 20001
(202) 724-6650 (202) 727-6295
(202) 741-0647 (facsimile)
stephanie.litos@dc.gov